```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
───────────────────────────────

AMAURY URENA,

                  Plaintiff,        25-cv-513 (JGK)

    - against -                 MEMORANDUM OPINION
                                                        AND ORDER

THE CITY OF NEW YORK, ET AL.,

                  Defendants.

───────────────────────────────

**JOHN G. KOELTL**, District Judge:

    The pro se plaintiff, Amaury Urena ("Urena"), brings this action pursuant to 42 U.S.C. § 1983 against the City of New York, Captain Caesar, and an unidentified correction officer (collectively, "the defendants"). See Compl. 3, ECF No. 1.

    The plaintiff alleges that correction officers used excessive force in violation of the Eighth Amendment's prohibition against cruel and unusual punishments by placing him in excessively tight handcuffs after he refused to submit to a strip search, deploying chemical agents against him, and placing him in a decontamination shower while he remained fully clothed and restrained in leg shackles. Id. at 2, 4. He seeks $10 million in damages. Id. at 5.

    The defendants moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). See ECF No. 29. The plaintiff did not oppose the motion. See ECF Nos. 39-40. For the reasons that follow, the defendants' motion is **granted**.

**I. Factual Background**

Unless otherwise noted, the following facts are taken from the complaint and are accepted as true for purposes of the current motion.

On or about January 8, 2024, the plaintiff, Urena, was placed in restraints – including handcuffs, a waist chain, leg shackles, and mittens – to be sent to isolation after refusing to submit to a strip search. Compl. 4. He alleges that one correction officer intentionally tightened his handcuffs to inflict pain. Id. Urena informed the supervising officer, Captain Caesar, that the handcuffs were excessively tight, but Captain Caesar allegedly refused to loosen them because of Urena's noncompliance with the strip search. Id. The officers allegedly ignored multiple subsequent requests to loosen the restraints. Id. Urena further alleges that officers sprayed him with chemical agents and placed him in a decontamination shower while he remained fully clothed and in leg shackles. Id. His restraints were removed at approximately 11:00 p.m. that night. Id. at 5.

On November 1, 2024, in exchange for consideration, the plaintiff executed a General Release that settled a prior action

in this District. See Lai Decl., Ex. B, ECF No. 30-2. The General Release states as follows:

> I, AMAURY URENA, . . . do hereby release and discharge . . . all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, collectively the "RELEASEES," from any and all liability, claims, or rights of action alleging a violation of my civil rights and any and all related state law claims, from the beginning of the world to the date of this General Release, including claims for costs, expenses, and attorneys' fees.

Id.

The plaintiff filed the current case on January 15, 2025. See ECF No. 1. The current case relates to the incident that occurred on January 8, 2024, before the plaintiff executed the General Release on November 1, 2024. In their Amended Answer, the defendants pleaded that ". . . Plaintiff entered into a settlement and signed a general release in Amaury Urena v. Captain Shaw et al., 22 Civ. 04679 (RA)(GS), that extinguishes all of Plaintiff's claims." Amended Answer ¶ 15, ECF No. 28.

## II. Legal Standards

For a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), courts apply the same standards as those applied to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006). Thus, a court "will accept all factual allegations in the complaint as true and draw

3

all reasonable inferences in [the plaintiff's] favor." Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010).[1] "To survive a Rule 12(c) motion, [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id.

In deciding such a motion, the court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that either are in the plaintiff's possession or were known to the plaintiff when the plaintiff brought suit, or matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002). Additionally, on a motion for judgment on the pleadings, the court may consider the answer and any affirmative defenses and determine whether the defendant is entitled to judgment as a matter of law. See L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011); Citibank, N.A. v. Aralpa Holdings Ltd. P'ship, 22-cv-08842, 2023 WL 5971144, at *15 n.7 (S.D.N.Y. Sep. 14, 2023).

The pleadings and allegations of a pro se plaintiff must be construed liberally for the purposes of deciding motions pursuant to Rule 12(b)(6). See McKithen v. Brown, 481 F.3d 89, 96 (2d Cir. 2007); Weixel v. Bd. of Educ. of City of N.Y., 287

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, omissions, emphasis, quotation marks, and citations in quoted text.

F.3d 138, 145-46 (2d Cir. 2002). The submissions of a pro se litigant should be interpreted to "raise the strongest arguments that they suggest." Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006).

### III. Discussion

"It is well established under New York law that a valid release, which is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced as a private agreement between parties." Haymount Urgent Care PC v. GoFund Advance, LLC, 609 F. Supp. 3d 237, 254-55 (S.D.N.Y. 2022). "A release of claims in a settlement agreement is therefore binding on the parties absent a showing of fraud, duress, undue influence, or some other valid legal defense." Id. at 255. "[C]ourts in this Circuit have consistently concluded that [] releases between federal civil rights claimants and the City of New York bar suit against the City and its employees for alleged conduct predating the release." Staples v. Officer Acolatza, No. 14-cv-3922, 2016 WL 4533560, at *3 (S.D.N.Y. Mar. 9, 2016) (collecting cases).

In Staples, the court granted summary judgment for the defendants based on a general release containing language materially identical to the General Release in this case – releasing "any and all" civil-rights claims against the City and

its officials "from the beginning of the world to the date of this General Release." See id. at *2.

In this case, the plaintiff executed a General Release on November 1, 2024, releasing all civil-rights claims against the City of New York and its officials arising before that date. Because the events underlying this action predate the General Release, the General Release squarely governs the present § 1983 claim. The plaintiff identifies no basis – such as fraud, duress, or undue influence – to set aside the General Release. See Haymount Urgent Care, 609 F. Supp. at 255. Accordingly, the General Release bars the plaintiff's § 1983 claim as a matter of law.

### IV. Conclusion

For the foregoing reasons, the defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is **granted.**

The Clerk is respectfully requested to enter judgment dismissing this case with prejudice. The Clerk is also respectfully directed to close all pending motions.

SO ORDERED.
Dated:   New York, New York
         November 11, 2025

_____
John G. Koeltl
United States District Judge